UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| KHAMSAY XAYAMONTY,<br><br>     Movant,<br><br> vs.<br><br>WARDEN BENNETT, AT YANKTON FPC; AND  BOP,<br><br>     sRespondent. | 4:21-CV-04133-KES<br><br>REPORT AND RECOMMENDATION |
|---|---|

**INTRODUCTION**

    This matter is before the court on the *pro se* habeas petition of Khamsay Xayamonty, a federal inmate at the Yanton Federal Correctional facility in Yankton, South Dakota.  Docket No. 1.  Mr. Xayamonty seeks to compel respondent to provide to him immediately all earned time credits due under the First Step Act ("FSA").  Id.  Now pending is a motion to dismiss by respondent seeking dismissal of Mr. Xayamonty's petition without holding an evidentiary hearing.  Docket No. 9.  Mr. Xayamonty opposes the motion and has moved for "emergency" relief.  Docket Nos. 12 & 14.  These matters were referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

## FACTS

The facts pertinent to respondent's motion, taken in the light most favorable to Mr. Xayamonty are as follows. Mr. Xayamonty is currently serving a 108-month sentence imposed on November 20, 2018. Docket No. 1 at p. 1. He has a projected release date according to respondent of February 12, 2023. Docket No. 11-1 at p. 2; Docket No. 1 at p. 2. His home detention eligibility date as calculated by respondent is August 12, 2022. Docket No. 1-1 at p. 10; Docket No. 1 at p. 2.

Mr. Xayamonty claims he has accumulated 14 months of programming under the FSA. Docket No. 1 at p. 2. This would, if credited at the highest percentage rate of 50%, equate to 7 months of earned time credits. See 18 U.S.C. § 3632(d)(4)(A)(i) & (ii).

## DISCUSSION

The government's motion to dismiss is based on an argument that the court lacks subject matter jurisdiction. Without ruling on whether he is correct on the law or the facts, for purposes of the pending motion to dismiss, the court accepts as true the facts Mr. Xayamonty places into the record. He has a release date of February 12, 2023. He claims he has engaged in 14 months of programming, which would equate to 7 months of credit under the FSA.[1] Docket No. 11 at p. 1. Accordingly, if respondent were to immediately

---

[1] This is contrary to respondent's assertion. Respondent asserts Mr. Xayamonty has earned 33 hours of programming credits. Docket No. 11 at p. 3, ¶ 11. Nevertheless, the court credits Mr. Xayamonty's assertion for purposes of ruling on the pending motion.

2

credit Mr. Xayamonty with 7 months of earned time credit, his projected release date would be approximately June 30, 2022.

The court notes that inmates do not have a statutory or constitutional right to early release on home confinement. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). So the projected release date is the operative date, not the date for early release on home confinement.

Mr. Xayamonty objects to the BOP's position that it need not award any FSA credits until the final deadline for implementation of the act—January 15, 2022. Mr. Xayamonty asks the court to force respondent to implement the FSA and the credits he says he is entitled to now.

However, in Mr. Xayamonty's case, the facts show his claim is not now ripe and may never be ripe. "Article III of the United States Constitution limits the jurisdiction of federal courts to 'actual ongoing cases or controversies.' " Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, Docket No. 16 at p. 2 (D.S.D. Aug. 9, 2021). Ripeness concerns the issue whether a live case or controversy has been presented and, if not, if it is likely to ever be presented. Id.

Even if Mr. Xayamonty is correct that the respondent is reading the FSA unlawfully by delaying implementation until January 15, 2022, even if he is correct that he is entitled to be credited with seven months' worth of earned time credits, under a "best case scenario" asserted by Mr. Xayamonty, he would not be entitled to be released until June 30, 2022. See Docket No. 11 at p. 1; Docket No. 1-1 at p. 9.

There are six months between January 15, 2022, and June 30, 2022, during which there is every possibility respondent will credit Mr. Xayamonty with the earned time credits he believes he should have under the FSA. If respondent does so, there will never be a live case or controversy presented. If respondent does not give Mr. Xayamonty credit, then there will be a live case or controversy and Mr. Xayamonty can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 9] and dismissing Mr. Xayamonty's habeas petition without prejudice on the grounds that it does not present a ripe claim. The court also recommends denying Mr. Xayamonty's motion for emergency action. Docket No. 12.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 20th day of September, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge