UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KHAMSAY XAYAMONTY,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN BENNETT, at Yankton FPC; BOP,<br><br>　　　　　　　Respondents. | 4:21-CV-04133-KES<br><br>ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

　　Petitioner, Khamsay Xayamonty, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Xayamonty seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 1-2. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

　　Respondents now move to dismiss Xayamonty's petition for lack of subject-matter jurisdiction and for failure to state a claim. Docket 9. The Magistrate Judge entered a report and recommendation recommending Xayamonty's petition be dismissed without prejudice for lack of ripeness. Docket 15 at 4. Xayamonty objects to the report and recommendation. Docket 16. Xayamonty has also filed a motion for emergency order asking this court to order the BOP to immediately submit his release plan to a residential reentry center and a motion to appoint counsel. Docket 12; Docket 16 at 1. For the following reasons, this court overrules Xayamonty's objections, adopts the

Magistrate Judge's report and recommendation in full, and grants respondents' motion to dismiss.

## STANDARD OF REVIEW

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Respondents state that Xayamonty has a projected release date of February 12, 2023, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program. Docket 10 at 1-2. Xayamonty asks the court to order immediate application of his First Step Act (the "Act") time credits earned through participation in evidence-based recidivism reduction programming and productive activities. Docket 1 at 2. Xayamonty claims that he has earned at least 14 months of time credits. *Id.* Respondents state that Xayamonty has completed 33 hours, or 4.125 days, of programming and activities. Docket 10 at 17.

Respondents have taken the position that they have the discretion to determine whether the time credit incentives will be implemented before the

end of the 2-year phase-in period under the Act, which covers the time period until January 15, 2022. *Id.* at 14-17. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondents are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondents on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Xayamonty is the proper party to bring this claim. But there is not at this time and might never be a time when Xayamonty has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondents' calculation, Xayamonty would be entitled at the most to approximately 2.0625 days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 10 at 27. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of February 12, 2023, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Xayamonty's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court adopts the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on ripeness grounds and overrules Xayamonty's objections.

Thus, it is ORDERED:

1. That respondents' motion to dismiss (Docket 9) is granted. Xayamonty's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.
2. That the Magistrate Judge's report and recommendation (Docket 15) is adopted in full as supplemented herein.

3. That Xayamonty's objections (Docket 16) are overruled.

4. That Xayamonty's motion for emergency order (Docket 12) is denied.

5. That Xayamonty's motion for counsel (Docket 16 at 1) is denied as moot.

Dated December 23, 2021.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE